E-FILED
Monday, 27 July, 2026 10:48:13 PM
Clerk, U.S. District Court, ILCD

**THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| Debra Michniak and David Ritchie, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>Riverside Health System,<br><br>*Defendant*. | Civil Action No. 2:26-cv-02059<br><br>Hon. Chief Judge Colin Stirling Bruce<br><br>Hon. Magistrate Judge Eric I. Long |

**DEFENDANT RIVERSIDE HEALTH SYSTEM'S RULE 12(B)(6)
MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Riverside Health System ("Riverside"), by and through its undersigned counsel, hereby moves to dismiss the Complaint (ECF No. 1) filed by Plaintiffs Debra Michniak and David Ritchie ("Plaintiffs"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Riverside respectfully states as follows:

1. Count I of the Complaint should be dismissed because Plaintiffs fail to state a claim under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511. First, Plaintiffs do not plausibly allege that Riverside intercepted the "contents" of their communications—*i.e.*, the "substance, purport, or meaning" of those communications—as distinguished from "record information" such as addresses, routing data, and subscriber identifiers. The only data the Complaint ties to the named Plaintiffs—URLs, click-event labels, IP addresses, and cookie values—constitutes record information as a matter of law. *See, e.g.*, *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014).

2. Second, even if those data points could be characterized as "contents," Riverside is immunized from liability under the ECPA's one-party consent provision, 18 U.S.C. § 2511(2)(d).

Riverside is a party to every communication on its own Website, and Plaintiffs' own allegations foreclose the crime-tort exception to the one-party consent defense. The Complaint unambiguously states that "[t]he sole purpose of the use of the Tracking Tools on Riverside's Website was marketing and profits," which is incompatible with the criminal or tortious purpose the exception requires. Moreover, the crimes and torts Plaintiffs attempt to allege are not independent of the interception itself, and each purported predicate offense fails on its own terms.

3. Count II of the Complaint should also be dismissed because Plaintiffs fail to state a negligence claim. Binding Seventh Circuit precedent confirms that Illinois law does not recognize a common law duty to safeguard personal information. *See Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 816–17 (7th Cir. 2018); *Cooney v. Chicago Public Schools*, 943 N.E.2d 23, 28–29 (Ill. App. Ct. 2010). None of Plaintiffs' alternative theories of duty overcomes that threshold obstacle.

4. Riverside is contemporaneously filing a Memorandum of Law in support of this Motion, which it expressly incorporates by reference as if fully stated herein.

WHEREFORE, Defendant Riverside Health System respectfully requests that this Court enter an Order: (i) granting Defendant's Motion to Dismiss Plaintiffs' Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6); (ii) dismissing Plaintiffs' Complaint in its entirety; and (iii) awarding any additional relief the Court deems appropriate and just.

Date: July 27, 2026

Respectfully submitted,

*/s/ David M. Poell*

David M. Poell (#6302765)
Jules M. Rogers (#6339599)
SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP
321 N. Clark St., 32nd Floor
Chicago, IL 60654
Tel: (312) 499-6300
Fax: (312) 499-6301
dpoell@sheppard.com
mrogers@sheppard.com

*Counsel for Defendant Riverside Health System*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2026, I electronically filed the foregoing **Defendant Riverside Health System's Motion to Dismiss Plaintiffs' Class Action Complaint** with the Clerk of the Court using the CM/ECF system, which effects service on all counsel of record.

By: */s/ David M.* Poell
David M. Poell